## Connelly *against* Arnold.

If arbitrators, to whom an action on a mortgage is submitted, estimate, in making their award, other claims of the plaintiff against the defendant, without the plaintiff's express assent thereto, and their award does not in amount exceed the plaintiff's claim on the mortgage, he will not thereby be barred in an action to recover those other claims from the defendant.

ERROR to the common pleas of *Luzerne* county.

Thomas Connelly against Warren Arnold. Two writs of *scire facias* to revive two judgments between the same parties were tried together by the same jury.

The plaintiff gave in evidence the judgments upon which his writs were founded.

The defendant then gave in evidence the record of a *scire facias* upon a mortgage between the same parties, referred to arbitrators, under the act of 1810, and an award for the plaintiff for 130 dollars 90 cents, from which there was no appeal; and then offered to prove by the arbitrators, what was submitted to them and adjudicated upon by them in that suit; for the purpose of showing payment of these judgments; to which the plaintiff objected, and the court overruled the objection, and sealed a bill of exceptions.

The arbitrators gave evidence in substance, that the plaintiff's claim before them was upon the mortgage; that the defendant alleged and satisfied them that the judgments, to recover which the present suit is brought, were for the same debt as the mortgage; and that in making their award, they estimated and included the amounts in the judgments. They said that the plaintiff's counsel did not admit that the mortgage and judgments were for the same debt. The award was not for a sum greater than the plaintiff's claim upon the mortgage.

The plaintiff then offered to prove, that before the issuing of the *scire facias*, the defendant, Warren Arnold, was indebted to him on book account, notes, and moneys paid for him, to the amount of the judgments and the award of arbitrators on the mortgage.

To which evidence, the defendant objected, and the court sus-

[Connelly v. Arnold.]

tained the objection, and sealed a bill of exceptions at the instance of the plaintiff.

*Woodward* and *Greenough*, for plaintiff in error.

*Conyngham*, for defendant in error, cited 2 *Stark.* 707.

The opinion of the Court was delivered by

Rogers, J.—These were two *scire facias*, on two judgments tried before the same jury, and to which the defendant pleaded payment, &c. The plaintiff gave in evidence, the records of the judgments, and rested. The defendant then gave in evidence, a *scire facias* on a mortgage, from the same defendant to the same plaintiff, an award for the plaintiff for 130 dollars 90 cents, from which neither party appealed, and a payment of the amount by the defendant. The defendant offered to prove, by the arbitrators in the case of Connelly *v.* Arnold, what the matters in suit submitted and adjudicated upon by them were, for the purpose, as is stated by the counsel, of showing payment of the judgments. The cause was arbitrated, under the act of 1810, so that it will not admit of question, that the only matter submitted to them by the plaintiff, was the amount due on the mortgage. It is equally certain, that the award only ascertained that amount. The arbitrators found that there was due to the plaintiff 130 dollars 90 cents, and for this sum, they awarded in favour of the plaintiff. All that the plaintiff had to look to was the award itself; and as they awarded to him the amount he claimed to be due, there was no necessity that he should appeal from this decision. He had nothing to do with the reasons on which the arbitrators founded their award. It was enough for him that the award was in his favour, to the amount of his claim. On the trial of the *scire facias* on the mortgage, the defendant alleged that the mortgage and judgments were for the same debt, but this was part of his case, which was not admitted by the plaintiff, nor did he rely on the judgment to show the amount due on the mortgage. This appears, from the testimony of the two arbitrators, who were examined. Hoyt, the first witness, states, that the defence was, that when the mortgage was given there had been but little money paid, but that the mortgage was given for money to be awarded thereafter. It was claimed by the defendant, that the amount advanced was embraced in these unsatisfied judgments. Plaintiff alleged that the whole mortgage was due. Plaintiff did not offer evidence with regard to either of these judgments. There was no express agreement by the plaintiff or his counsel, that the judgments should be considered; but his understanding, from the evidence, was, that the parties agreed that the judgments should be taken into consideration. He cannot say that the plaintiff's counsel admitted that the mortgage and judgments were for the same consideration, but

VI.—2 P

thinks he did not. That in making up the award, they ascertained the amount of the judgments, and that if they had not taken them in, they would have found nothing due on the mortgage. The testimony of the other witness is of the same purport. The only issue in this suit was, the amount which was due on the mortgage, and it would seem that the parties were agreed upon that point, but differed as to the mode that amount was to be ascertained. The plaintiff relied on the mortgage itself, whilst the defendant insisted that the mortgage was given to cover future as well as present advances; and that for the subsequent advances the unsatisfied judgments were taken. And this would appear to have been the opinion of the arbitrators. But if this was the case, they were bound to award that amount as due on the mortgage. But what authority had the arbitrators to award on the validity of the judgments, even if they had undertaken expressly to do so? It had not been submitted for their arbitrament. Their power extended only to the suit which was brought to enforce the mortgage. The plaintiff has nothing to do with the reasons on which the award was founded. He was not bound to prove, nor could he suppose that the arbitrators would undertake to decide on, what was not submitted to them. Had the plaintiff given in evidence, the judgments to show the amount due, or had he admitted they were given for the same advances, it would have presented a different question. It would have been evidence as an acknowledgment of the plaintiff, that the judgments and mortgage were given to cover and secure the same sum. If evidence was given which proved that they were the same, the evidence may again be given. It is undoubtedly competent for the defendant to prove this fact, so as to prevent a recovery twice for the same cause, but this cannot be done in the manner proposed.

The decision of the court, in the second, third, and fourth bills of exceptions, would seem to be grounded on the conclusive nature of the award in the former suit. But as the evidence in the first bill of exceptions was improperly admitted, this reason fails. The real dispute between the parties is, whether the mortgage and judgments were given to secure the same amount, and as the evidence had a direct bearing on that point, we think there was error in rejecting it.

Judgment reversed, and a *venire de novo* awarded.